IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENAH D. ALFORD | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO: _____ |
| | § | |
| REMEDY INTELLIGENT STAFFING & | § | COMPALAINT FOR DAMAGES FOR |
| SHELL E&P COMPANY | § | VIOLATION OF TITLE VII OF THE |
| | § | CIVIL RIGHTS ACT OF 1964, 42 U.S.C. |
| Defendants. | § | § 200E ET SQ., AND JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Kenah Alford files this Original Complaint complaining of Defendants Remedy Intelligent Staffing ("Remedy") and Shell Exploration & Production Company ("Shell"), and in support, would show as follows:

### A.   Nature of claim

1.   Title VII of the Civil Rights Act of 1964, makes it unlawful for an employer "to fail or refuse to hire or to discharge and individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The 1979 amendments to Title VII known as the Pregnancy Discrimination Act of 1978 (PDA), specifically provides that "sex discrimination includes discrimination on the basis of pregnancy. . ." 42 U.S.C. § 2000e(k). Therefore, a pregnant employee is to be treated the same as any other employee under the PDA. *Id*.

2.   The defendants violated the PDA when they told Ms. Alford that she would not be receiving a raise and/or review because she was pregnant and would be taking time of for maternity leave. The defendants also stated that she would not be considered for the up and

1

coming Network Administrator position because of her pregnancy. Therefore, the defendants violated Title VII of the Civil Rights Act when they intentionally discriminated against Ms. Alford on the basis of her sex, more specifically her pregnancy, with respect to business opportunities, compensation, promotion and other terms and conditions of employment.

## B.  Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b). Ms. Alford resides in Texas and in this District. Defendant Remedy is a California corporation, headquartered in California, and licensed to do business in Texas. It has branch offices located in this district and throughout Texas. Shell is a Texas corporation and is headquartered in Houston, Texas. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Assignment to the Houston Division of this Court is proper because Plaintiff Kenah Alford resides within this Division and the acts complained of took place in this Division.

## C.  The Parties

5. Plaintiff Kenah Alford is a female resident of Texas. She is an associate employee of Defendant Remedy. Remedy employed her as a contract worker for Shell from June 21, 2010 until the present. Her job position at Shell is for a Service Entry Auditor/Material Processor. After she informed the defendants that she was expecting a child, Shell intentionally denied her business opportunities on the basis of her pregnancy that directly impacted her compensation and potential for advancement. Remedy agreed to and supported Shell's discriminatory conduct.

6. Defendant Remedy is a temporary staffing agency that both employs and pays Ms. Alford as a Service Entry Auditor/Material Processor. Remedy's principal place of business

is located in California but is conducting business in the Southern District of Texas, in the Houston area, as well as other states throughout the U.S. Although required to have a registered agent in the State of Texas, Remedy forfeited its status as a foreign-for-profit corporation in Texas. Therefore, the Texas Secretary of State is the proper agent for service pursuant to Texas Civil Practice & Remedies Code §17.044.

7. Defendant Shell is a leading oil and gas producer in the deep Gulf of Mexico and one of America's leading oil and natural gas producers, gasoline and natural gas marketers and petrochemical manufacturers. Shell Exploration & Production Company is a Texas corporation conducting business in Texas. It may be served with process through its registered agent, C T Corporation System 350 N. St. Paul St., Ste 2900, Dallas, Texas 75201.

### D.   Facts

8. Ms. Alford applied to Remedy on May 26, 2010. She was contracted to work at Shell as a Service Entry Administrator on June 21, 2010 as part of the cost management team Performance & Business Improvement department. Her starting pay rate was $15.00 per hour.

9. In November 2010, Ms. Alford received a $2.00 pay increase reflecting a pay rate of $17 per hour. She received this pay raise because she had been promoted in August 2010 to a Service Entry Auditor position at Shell. This pay raise was based on satisfactory performance of the assigned job duties at this level.

10. On July 5, 2011, Alford was praised for a job well done by her supervisor/RTP Lead Debra Wilson's Office. Alford was also advised that she would be receiving a $3.00 pay increase reflecting a pay rate of $20 per hour.

11. In late 2011, the Team Lead to which Alford was assigned changed, resulting in a lateral shit of her job responsibilities to an Auditor/Material Processor.

12.     Throughout this time period, Alford received several bonuses based on her performance and productivity totaling $4,325.

13.     On May 29, 2012, Alford requested that Wilson conduct a raise and review of her job performance. Alford believed that this would allow Wilson an ample amount of time to evaluate her in the Auditor/Material Processor position that she had been working since November 2011.

14.     During the conversation on May 29, 2012, Wilson informed Alford that she would not receive a raise nor a review because Alford was pregnant and would be taking maternity leave. Wilson also informed Remedy that Alford would not be receiving a raise because Alford was pregnant and would be taking maternity leave.

15.     During the same conversation, Wilson informed Alford that a Network Administrator Position would be coming available but Alford wouldn't be considered for the promotion because she was pregnant.

16.     Alford expressed concern to Nadine Portanova, a representative at Remedy, about Wilson's statements. However, Remedy took no further action to resolve the issue.

17.     On July 16, 2012, Alford attended a meeting where both Wilson (of Shell) and Portanova (of Remedy) were present. During the meeting Wilson stated, "I know that you had inquired about a raise, but just like I told Nadine, you will not be receiving a raise because you are pregnant and will be going on maternity leave." Wilson also stated that Shell would not approve the raise. Wilson further stated that after Alford had her baby, and if they could bring her back, that Alford would have to work a few months before Shell would re-evaluate the situation.

18. During this conversation, Portanova made no remarks regarding Wilson's statements or the denial of the raise.

### E. Cause of Action

### Intentional Sex Discrimination

### Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et seq.

19. Plaintiff realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

18. Plaintiff has timely filed charges with the EEOC making her claim of discrimination. She has received a Notice of Right to Sue from the EEOC. Plaintiff has exhausted her administrative remedies at the time of filing.

19. Both Remedy and Shell have engaged in intentional discrimination with respect to job opportunities, compensation, and other terms and conditions of employment. Remedy and Shell's discriminatory conduct, policies, and practices as described above have denied Ms. Alford, a pregnant female employee, the opportunity for a promotion and long-term career growth, including past and future wages and other job benefits as compared to similarly-situated non-pregnant employees.

20. Defendants have intentionally discriminated against Alford on the basis of sex. The foregoing conduct constitutes illegal, intentional discrimination as unjustified disparate treatment prohibited by 42 U.S.C. §§ 200e *et seq*.

21. Plaintiff requests relief as hereinafter described.

### Violation of the Family Medical Leave Act of 1993

22. Plaintiff realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

23. Section 105(a) and (b) of the FMLA states that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title.  It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title.

24. Section 825.220(a)(1) of the FMLA states that an employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

25. Both Remedy and Shell violated the FMLA by interfering with Alford's exercise of rights afforded to her under the FMLA.  Remedy and Shell have also discriminated and retaliated against Alford for exercising rights afforded to her under the FMLA by refusing to give her a performance review, raise, and not considering her for a job promotion. Shell's rational, for its discriminatory conduct was that Ms. Alford was pregnant and would be taking maternity leave. Remedy assented to this conduct by not taking further action in dealing with the discriminatory situation.  Therefore, defendants have intentionally discriminated against Alford in violation of the FMLA on the basis of taking maternity leave.

## Declaratory Judgment Act

26. Ms. Alford seeks a declaration that Remedy and Shell have discriminated against her as a pregnant women.

27. Ms. Alford has been required to hire the services of attorneys to bring her claims and seek recovery of reasonable and necessary attorney's fees and expenses.

### F.     Jury Request

28. Plaintiff hereby requests that this case and all factual matters permitted be tried to a jury and commensurate with her request hereby pays all required fees and expenses.

## G. Prayer

29. Plaintiff prays that she be granted such relief as to which she shows herself entitled under law or equity as follows:

a. Compensatory damages;

b. Exemplary and punitive damages in an amount commensurate with Remedy and Shell's ability to pay and to deter future conduct;

c. An order that Remedy and Shell will institute and carry out polices providing equal employment opportunities for all employees regardless of sex and preventing illegal discrimination.

d. A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. §§ 200e, et seq.

e. Cost incurred herein including reasonable attorneys' fees and expenses to the extent allowed by law;

f. Pre-judgment interest;

g. Post-judgment interest

h. Such other and further relief, under law and equity, as this Court deems necessary, just, and proper.

        Respectfully submitted,

        STEELE STURM PLLC

        ____*/s/ Howard L. Steele, Jr.*____
        HOWARD L. STEELE, JR.
        Texas Bar No. 24002999
        Federal Bar No. 21615
        Bank of America Center
        700 Louisiana, 48th Floor
        Houston, Texas 77002
        Telephone:(713) 659-2600
        Facsimile:  (713) 659-2601
        hsteele@steelesturm.com

        **ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUSNEL:
**STEELE STURM, PLLC**
Kevin T. Kennedy
Texas Bar No. 24009053
Federal Bar No. 305324
kkennedy@steelesturm.com